UNITED STATES DISTRICT COURT

DISTRICT OF MINNESOTA

| | |
|---|---|
| BRIAN JOHN HOLSAPPLE, | Civil No. 12-1117 (DWF/FLN) |
| Petitioner, | |
| v. | **REPORT AND RECOMMENDATION** |
| THOMAS ROY, and<br>STATE OF MINNESOTA, | |
| Respondents. | |

This matter is before the undersigned United States Magistrate Judge on Petitioner's application for habeas corpus relief under 28 U.S.C. § 2254. The case has been referred to this Court for report and recommendation pursuant to 28 U.S.C. § 636 and Local Rule 72.1. For the reasons discussed below, the Court will recommend that this action be summarily dismissed with prejudice pursuant to Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts.[1]

**I. BACKGROUND**

Petitioner is an inmate at the Minnesota Correctional Facility in Moose Lake, Minnesota. He is serving a 144-month prison sentence that was imposed in 2009 by the state district court for McLeod County, Minnesota. Petitioner was sentenced after entering into two separate plea agreements. He initially pled guilty to one count of possession of child pornography and one count of felony domestic assault. Three other related charges were dismissed pursuant to that first plea agreement. Sometime later, Petitioner pled guilty

---

[1] Rule 4 provides that "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition and direct the clerk to notify the petitioner."

to one count of first degree criminal sexual conduct, and two counts of gross misdemeanor fifth degree criminal sexual conduct.  As part of the second plea agreement, additional charges were dismissed, and the prosecution agreed not to seek a sentence that exceeded the presumptive sentence under the state sentencing guidelines.

Shortly before Petitioner was sentenced, he requested a continuance.  That request was denied, and Petitioner was then sentenced to 144 months in prison – the presumptive sentence under the guidelines.  Petitioner was also ordered to pay a $10,000.00 fine, plus restitution in an amount to be determined by probation authorities.

After Petitioner was convicted and sentenced he filed a direct appeal, contending that his sentence should be vacated, because the trial court judge had wrongly denied his request for a continuance.  The Minnesota Court of Appeals rejected Petitioner's direct appeal, and affirmed his conviction and sentence.  State v. Holsapple, No. A09-1010 (Minn.App. 2010) 2010 WL 1541299 (unpublished opinion), rev. denied, June 29, 2010, [hereafter "Holsapple I"].

After Petitioner's direct appeal was completed, he filed a post-conviction motion in the trial court. The post-conviction motion presented several new challenges to Petitioner's conviction and sentence, including:  (1) that Petitioner was deprived of his right to effective assistance of counsel during the original trial court proceedings; (2) that Petitioner's guilty plea was invalid, because the trial court judge was improperly involved in the plea negotiations; (3) that the prosecutor violated the plea agreement and committed prosecutorial misconduct; and (4) that the trial court judge erred by ordering Petitioner to pay restitution in an amount to be determined by probation authorities. The trial court judge found that all of Petitioner's post-conviction claims were procedurally barred, because they

could have been, and should have been, raised on direct appeal. Therefore, Petitioner's post-conviction motion was summarily denied without an evidentiary hearing, and without reaching the merits of any of his claims.

Petitioner then filed a second appeal, contending that the trial court judge had wrongly rejected his post-conviction claims. However, the Minnesota Court of Appeals upheld the trial court judge's ruling on Petitioner's post-conviction motion, citing State v. Knaffla, 309 Minn. 246 (1976). In Knaffla, the Minnesota Supreme Court held that "where direct appeal has once been taken, all matters raised therein, and all claims known but not raised, will not be considered upon a subsequent petition for postconviction relief." Id. at 252.

After reciting the Knaffla rule, the Minnesota Court of Appeals explained why each one of Petitioner's post-conviction claims could have been raised in his direct appeal, (i.e., in Holsapple I). Because all of Petitioner's post-conviction claims were fully knowable before he filed his direct appeal, all of those claims were declared to be procedurally barred by the Knaffla rule. Holsapple v. State, No. A11-528 (Minn.App. 2011), 2011 WL 6141649 (unpublished opinion), rev. denied, Feb. 28, 2012, [hereafter "Holsapple II"]. Thus, the Court of Appeals concluded that the trial court judge had properly rejected all of Petitioner's post-conviction claims without addressing any of those claims on the merits. Id. at *3 ("[b]ecause each of appellant's claims is barred under Knaffla, the district court did not abuse its discretion by summarily denying appellant's petition for postconviction relief").

Petitioner filed his current federal habeas corpus petition on May 8, 2012. The petition lists three claims for relief, which appear to be essentially the same claims raised in his state post-conviction proceedings, (although configured slightly differently). Petitioner

has summarized his three federal habeas corpus claims as follows:

> Ground One: "Ineffective assistance of council [sic], conviction obtained by plea deal which was unlawfully induced or not made voluntarily with understanding of the nature of the charge and the consequences of the plea."
>
> Ground Two: "Prosecutorial misconduct."
>
> Ground Three: "Restitution that was order[ed] to be determined by Probation & Parole."

(Petition, pp. (5)-(6), § 12.A., 12.B, an 12.C.)[2]

However, none of Petitioner's current habeas corpus claims can be addressed on the merits here, because all of his claims were procedurally defaulted in the state courts. The Court will therefore recommend that this action be summarily dismissed.

## II. DISCUSSION

> "Federal habeas courts reviewing the constitutionality of a state prisoner's conviction and sentence are guided by rules designed to ensure that state-court judgments are accorded the finality and respect necessary to preserve the integrity of legal proceedings within our system of federalism. These rules include the doctrine of procedural default, under which <u>a federal court will not review the merits of claims, including constitutional claims, that a state court declined to hear because the prisoner failed to abide by a state procedural rule</u>.... [Citation omitted.] A state court's invocation of a procedural rule to deny a prisoner's claims precludes federal review of the claims if, among other requisites, the state procedural rule is a nonfederal ground adequate to support the judgment and the rule is firmly established and consistently followed."

<u>Martinez v. Ryan</u>, 132 S.Ct. 1309, 1316 (2012) (emphasis added).

---

[2] It appears that Petitioner has conflated the first two claims discussed in <u>Holsapple II</u>, (ineffective assistance, and invalid guilty plea), and those two claims are now presented as a single ground for relief, (Ground One), in the current petition. The last two claims discussed in <u>Holsapple II</u>, (prosecutorial misconduct, and improper restitution order), appear to match the last two grounds for relief in the current petition.

"A federal district court is precluded from substantively considering a habeas corpus claim that a state court has disposed of on independent and adequate non-federal grounds, including state procedural grounds." Clemons v. Luebbers, 381 F.3d 744, 750 (8th Cir. 2004), cert. denied, 546 U.S. 828 (2005). When a state appellate court has expressly declined to address a particular claim on the merits pursuant to state procedural rules, the claim is "procedurally defaulted" for federal habeas corpus purposes. As the Eighth Circuit Court of Appeals explained in Hall v. Delo, 41 F.3d 1248, 1250 (8th Cir. 1994), "[a] federal claim has not been fairly presented to the state courts," and is therefore procedurally defaulted, "when the state court has declined to decide the federal claim on the merits because the petitioner violated a state procedural rule." See also McCall v. Benson, 114 F.3d 754, 757 (8th Cir. 1997) ("a federal court may usually only consider 'those claims which the petitioner has presented to the state courts in accordance with state procedural rules'") (quoting Abdullah v. Groose, 75 F.3d 408, 411 (8th Cir.), cert. denied, 517 U.S. 1215 (1996)); Satter v. Leapley, 977 F.2d 1259, 1261 (8th Cir. 1992) ("[o]rdinarily, a federal court reviewing a state conviction in a 28 U.S.C. § 2254 proceeding may consider only those claims which the petitioner has presented to the state courts in accordance with state procedural rules").

A claim that has been procedurally defaulted in the state courts will not be entertained in a federal habeas corpus proceeding, unless the petitioner has shown "cause and prejudice" to excuse his procedural default, or, in the alternative, that there would be a "fundamental miscarriage of justice" if the federal court declined to consider the claim. Coleman v. Thompson, 501 U.S. 722, 750 (1991). The "fundamental miscarriage of justice" exception is available only upon a "showing, based on new evidence, that 'a

constitutional violation has probably resulted in the conviction of one who is actually innocent.'" Brownlow v. Groose, 66 F.3d 997, 999 (8th Cir. 1995), cert. denied, 516 U.S. 1161 (1996) (emphasis added), quoting Schlup v. Delo, 513 U.S. 298, 327 (1995). In other words, the petitioner cannot simply point to errors that allegedly occurred during the course of his criminal prosecution; he must instead offer some new evidence which affirmatively demonstrates that he must truly be innocent of the crime for which he was convicted. See Cox v. Burger, 398 F.3d 1025, 1031 (8th Cir.) (successful demonstrations of actual innocence are "rare and limited," because the actual innocence exception is "permitted only for 'truly persuasive demonstrations of actual innocence,' based on reliable new evidence which shows 'it is more likely than not that no reasonable juror would have convicted [the petitioner] in light of the new evidence'"), cert. denied, 546 U.S. 844 (2005) (citations omitted).[3]

The rules governing procedural default have been summarized by the United States Supreme Court as follows:

---

[3] The Eighth Circuit has further explained that –
"The actual innocence exception is concerned with claims of actual, not legal innocence. Anderson v. United States, 25 F.3d 704, 707 (8th Cir. 1994). It is evidence of factual innocence coupled with a constitutional violation which triggers the actual innocence exception. Indeed, a credible claim of actual innocence 'requires [a] petitioner to support his allegation of constitutional error with new reliable evidence....' [Schlup, 513 U.S. at 324.] Examples of evidence which may establish factual innocence include credible declarations of guilt by another, see Sawyer v. Whitley, 505 U.S. 333, 340... (1992), trustworthy eyewitness accounts, see Schlup, 513 U.S. [at 324]... and exculpatory scientific evidence."
Pitts v. Norris, 85 F.3d 348, 350-51 (8th Cir.), cert. denied, 519 U.S. 972 (1996). For purposes of showing actual innocence, "'evidence is new only if it was not available at trial and could not have been discovered earlier through the exercise of due diligence.'" Johnson v. Norris, 170 F.3d 816, 817 (8th Cir. 1999), quoting Armine v. Bowersox, 128 F.3d 1222, 1230 (8th Cir. 1997) (en banc), cert. denied, 523 U.S. 1123 (1998).

> "In all cases in which a state prisoner has defaulted his federal claims in state court pursuant to an independent and adequate state procedural rule, federal habeas review of the claims is barred unless the prisoner can demonstrate cause for the default and actual prejudice as a result of the alleged violations of federal law, or demonstrate that failure to consider the claims will result in a fundamental miscarriage of justice."

Coleman, 501 U.S. at 750.

In this case, the Minnesota Court of Appeals summarily rejected all of Petitioner's current habeas corpus, (ineffective assistance of counsel, prosecutorial misconduct, and improper restitution order), because Petitioner failed to raise those claims in accordance with applicable state procedural rules.  More specifically, Petitioner's claims were found to be procedurally defaulted, because he did not raise them when he first had the opportunity to do so – i.e., in his direct appeal.  The Minnesota Court of Appeals carefully explained why each one of the claims raised in Petitioner's post-conviction motion was available to him, and should have been raised, when he filed his direct appeal.  Holsapple II, 2011 WL 6141649 at * 2-3.  Because Petitioner failed to raise any of his post-conviction claims when he should have, (namely on direct appeal), the Minnesota Court of Appeals concluded that all of those claims were procedurally defaulted.

The state procedural rule that was applied in Holsapple II, i.e., the Knaffla rule, is longstanding and well established.  That rule has been in effect in Minnesota for more than 35 years, and it has been applied in a myriad of cases.[4]  Because all of the claims raised in Petitioner's state post-conviction motion were fully available at the time of his direct appeal, all of those claims had to be summarily rejected by the trial court judge pursuant

---

[4] A Westlaw search indicates that Knaffla has been cited nearly 1000 times during the past 35 years.

to the Knaffla rule. The Minnesota Court of Appeals was likewise required to summarily dismiss Petitioner's subsequent appeal (Holsapple II) pursuant to Knaffla. Because Petitioner's current claims for relief were previously rejected by the state courts pursuant to a well established state procedural rule, those claims are procedurally defaulted for federal habeas corpus purposes.[5]

The only remaining issue to consider is whether Petitioner has shown cause and prejudice, or actual innocence, to excuse his procedural default. In order to satisfy the "cause" requirement, a prisoner must show that some external impediment prevented him from presenting his claims in the state courts in a timely and procedurally proper manner. Coleman, 501 U.S. at 753 ("'cause' under the cause and prejudice test is something external to the petitioner, something that cannot fairly be attributed to him... [f]or example, 'a showing that the factual or legal basis for a claim was not reasonably available... or that some interference by officials made compliance impracticable'"), (quoting Murray v. Carrier, 477 U.S. 478, 488 (1986)) (emphasis in the original).

---

[5] Petitioner may believe that the state courts somehow misapplied the Knaffla rule, but that is not an argument that could be raised and considered here, because this Court cannot review and overturn a state court's application of a state procedural rule. It is well settled that "[a] federal court may not re-examine a state court's interpretation and application of state law." Schleeper v. Groose, 36 F.3d 735, 737 (8th Cir. 1994). See also Murray v. Hvass, 269 F.3d 896, 899 (8th Cir. 2001) ("it is not the province of a federal court to decide whether a matter ought to be considered procedurally defaulted under state law"), cert. denied, 535 U.S. 935 (2002); May v. Iowa, 251 F.3d 713, 716 (8th Cir. 2001) ("[w]e may not disturb a state court decision interpreting state law on habeas review... and thus we reject [the petitioner's] contention that he did not default his three ineffective assistance of counsel claims"); Clemons, 381 F.3d at 751 ("federal courts do not look at whether state courts have correctly applied their own procedural rules[;] [t]hey simply determine whether those procedural rules were applied to bar the claim").

Petitioner has not suggested any reason to excuse his procedural default, and the Court cannot discern any grounds that could possibly satisfy the Coleman "cause" requirement. Nothing in the record suggests that Petitioner's failure to comply with Minnesota's Knaffla rule was the result of any "external impediment."

Because Petitioner has failed to satisfy the cause component of the cause and prejudice requirement, it is unnecessary to consider whether he could satisfy the prejudice component. Ashker v. Class, 152 F.3d 863, 871 (8th Cir. 1998) (when petitioner "has not shown adequate cause to overcome the procedural bar... we need not consider the issue of actual prejudice"); Sweet v. Delo, 125 F.3d 1144, 1151 (8th Cir. 1997), cert. denied, 523 U.S. 1010 (1998) (same).

Finally, Petitioner does not qualify for the "actual innocence" exception, because he has not presented any new evidence proving that he did not commit the crimes for which he was convicted. All of Petitioner's current claims for relief involve alleged legal errors during the original trial court proceedings, which purportedly deprived him of certain benefits guaranteed by the Constitution. Petitioner has offered no new and previously undiscoverable evidence that proves he is, in fact, actually innocent.[6] Therefore, Petitioner cannot overcome his procedural default by way of the actual innocence exception.

---

[6] Petitioner's current habeas corpus petition indicates that he has an affidavit from the primary victim of his crimes, which purportedly "states that the prosecutor falsified her statement that [illegible word] given to defence [sic] counsel & the court." (Petition, p. (5), § 12.B.) However, this alleged affidavit is not included in the present record. Furthermore, there is nothing to suggest that this alleged affidavit could have any direct bearing on Petitioner's actual guilt or innocence. Indeed, Petitioner contends only that the alleged affidavit would support his prosecutorial misconduct claim, because it purportedly shows that the prosecutor "falsified" a statement given to defense counsel and the trial court. The alleged affidavit cannot be viewed as new and previously undiscoverable evidence that proves Petitioner did not commit the crimes to which he pled guilty.

Because Petitioner's procedural default cannot be excused based on either cause and prejudice, or new proof of actual innocence, the Court concludes that none of Petitioner's current habeas corpus claims can be entertained here. The Court will therefore recommend that this case be summarily dismissed, with prejudice, because of Petitioner's procedural default.

Having determined that this action must be summarily dismissed for the reasons discussed above, the Court will recommend that Petitioner's application for leave to proceed in forma pauperis, (IFP), (Docket No. 2), and motion for appointment of counsel, (Docket No. 3), be summarily denied. See Kruger v. Erickson, 77 F.3d 1071, 1074, n. 3 (8th Cir. 1996) (per curiam) (IFP application should be denied where habeas petition cannot be entertained); Edgington v. Missouri Dept. of Corrections, 52 F.3d 777, 780 (1995) (appointment of counsel should be considered if the claimant has stated a facially cognizable claim for relief).

### III.  CERTIFICATE OF APPEALABILITY

A § 2254 habeas corpus petitioner cannot appeal an adverse ruling on his petition unless he is granted a Certificate of Appealability, ("COA"). 28 U.S.C. § 2253(c)(1); Fed. R. App. P. 22(b)(1). A COA cannot be granted, unless the petitioner "has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(3). To make such a showing, "[t]he petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." Slack v. Daniel, 529 U.S. 473, 484 (2000).

In this case, the Court finds it extremely unlikely that any other court, including the Eighth Circuit Court of Appeals, would decide Petitioner's claims any differently than they

have been decided here.  Petitioner has not identified, (and the Court cannot independently discern), anything novel, noteworthy or worrisome about this case that warrants appellate review.  It is therefore recommended that Petitioner should <u>not</u> be granted a COA in this matter.

## IV.  RECOMMENDATION

Based on the foregoing, and all the files, records and proceedings herein,

**IT IS HEREBY RECOMMENDED** that:

1.  Petitioner's application for a writ of habeas corpus, (Docket No. 1), be DENIED;

2.  Petitioner's application for leave to proceed <u>in</u> <u>forma</u> <u>pauperis</u>, (Docket No. 2), be DENIED;

3.  Petitioner's motion for appointment of counsel, (Docket No. 3), be DENIED;

4.  This action be DISMISSED WITH PREJUDICE; and

5.  Petitioner should NOT be granted a Certificate of Appealability.

Dated: May 23, 2012

                                                   s/ *Franklin L. Noel*
                                                   FRANKLIN L. NOEL
                                                   United States Magistrate Judge

Pursuant to the Local Rules, any party may object to this Report and Recommendation by filing with the Clerk of Court and serving on all parties, on or before **June 6, 2012**, written objections which specifically identify the portions of the proposed findings or recommendations to which objection is being made, and a brief in support thereof. A party may respond to the objecting party's brief within ten days after service thereof.  All briefs filed under the rules shall be limited to 3500 words. A judge shall make a de novo determination of those portions to which objection is made.   This Report and Recommendation does not constitute an order or judgment of the District Court, and it is, therefore, not appealable to the Circuit Court of Appeals.